Filed 4/20/21  P. v. Mateo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND AP PELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B305965 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA414092) |
| v. | |
| MILTON MATEO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant Milton Mateo was convicted of attempted premeditated murder in July 2014. We affirmed his conviction in February 2016 (see *People v. Mateo* (Feb. 10, 2016, B258333) [nonpub. opn.]), and appellant sought review in the Supreme Court. The Supreme Court granted review (May 11, 2016, S232674), then remanded the case to this court with instructions to reconsider it in light of changes to the Penal Code enacted with Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), which went into effect on January 1, 2019. In July 2019 we again affirmed appellant's conviction, and held that his request for relief under Penal Code section 1170.95[1] must be presented to the superior court in the first instance. (See *People v. Mateo* (July 9, 2019, B258333) [nonpub. opn.] (*Mateo II*).) Appellant again sought review in the Supreme Court, which was denied.

In March 2020, appellant filed a petition for resentencing under section 1170.95 in the superior court. The court denied the petition without holding a hearing, finding that appellant was ineligible for relief as a matter of law because he had been convicted of attempted murder. Appellant now appeals that ruling.

We affirm. Relief under a petition filed under section 1170.95 is limited to qualifying petitioners convicted of murder. Appellant was convicted of attempted murder, and is therefore ineligible for relief under that section.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

As stated in our previous opinions, in March 2013, appellant initiated a fistfight with rival gang member Edwin Cuatlacuatl outside a Los Angeles grocery store. Gunni Scroggins—appellant's companion, fellow gang member, and codefendant—entered the fray and stabbed Cuatlacuatl twice in the neck before fleeing the scene with appellant. A jury found Scroggins guilty of attempted premeditated murder (§§ 187, subd. (a), 664, subd. (a)), and found appellant guilty of the same offense as an aider and abettor. (See *Mateo II, supra,* B258333.) The jury also found true allegations that appellant and Scroggins committed the offense for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) In *Mateo II* we affirmed appellant's conviction, and held that appellant's contentions regarding the applicability of Senate Bill 1437 must be presented to the trial court in the first instance.

On March 9, 2020, appellant filed a petition for resentencing under section 1170.95. The form petition includes statements to establish a petitioner's eligibility under section 1170.95, which the petitioner may select by checking boxes. Appellant used an altered form, so instead of stating, for example, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," appellant's form stated, "At trial, I was convicted of ATTEMPTED murder pursuant to the felony murder rule or the natural and probable consequences doctrine."

On April 2, 2020, the superior court denied appellant's petition. In a written order, the court stated, "The petition is summarily denied because the petitioner is not entitled to relief as a matter of law, for the following reason: [¶] The petitioner

3

was convicted of attempted murder. A review of the petition and the court file including the jury instructions, confirms this fact. . . . [¶] Penal Code § 189(e) as recently amended provides potential relief only to those individuals convicted of murder who were not the actual killer or a major participant in the act and where the prosecution relied upon either the felony murder rule or the natural and probable consequences doctrine. The relief afforded by this statute is not available to individuals, like the petitioner, who were convicted of attempted murder."

Appellant timely appealed.

## DISCUSSION

"In 2018, the Legislature enacted Senate Bill No. 1437 . . . after determining that there was further 'need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides.' (Stats. 2018, ch. 1015, § l, subd. (b).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839 (*Gentile*).) Senate Bill 1437 added section 1170.95, which allows "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" under certain conditions. (§ 1170.95, subd. (a).)

Appellant asserts that the trial court erred in summarily denying his section 1170.95 petition "because there is currently a split of authority regarding whether the ameliorative provisions of [Senate Bill] 1437 apply to defendants who have been convicted of attempted murder." Because appellant challenges the superior court's interpretation of the relevant statutes, our review is de novo. (See, e.g., *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

4

Courts are in agreement that the procedures in section 1170.95 do not apply to those convicted of attempted murder. (See, e.g., *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018 (*Medrano*), rev. granted Mar. 11, 2020, S259948 ["the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"]; *People v. Larios* (2019) 42 Cal.App.5th 956, 970, rev. granted Feb. 26, 2020, S259983 [same]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105 (*Lopez*), rev. granted Nov. 13, 2019, S258175 [Section 1170.95, subdivision (a)'s references to murder reflect "[t]he Legislature's obvious intent to exclude attempted murder from the ambit of the SB 1437 reform"]; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1132, ["Section 1170.95 does not authorize relief for those convicted of attempted murder"]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 ["the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder".) We agree that the plain language of section 1170.95 does not authorize relief for those convicted of attempted murder.

Appellant contends that even if he is not entitled to relief under the procedures set out in section 1170.95, "there are equitable considerations" that should be considered due to the procedural posture of this case, and therefore "this court may consider the merits of appellant's petition under a habeas corpus type review." He argues that we should consider his conviction in light of Senate Bill 1437's changes to section 188,[2] because "[t]he

---

[2]"Senate Bill 1437 amended Penal Code section 188 to provide that '[e]xcept as stated in subdivision (e) of Section 189 [governing felony murder], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice

5

amendment to section 188 has effectively eliminated a natural and probable consequences theory of aiding and abetting as a means of convicting an individual of murder."

Appellant asserts reasoning similar to that relied upon in *Medrano, supra*, 42 Cal.App.5th 1001. There, the court discussed Senate Bill 1437 in light of "the *Estrada* rule," arising from *In re Estrada* (1965) 63 Cal.2d 740, 744-745, which holds that newly enacted legislation decreasing criminal punishment or reducing criminal liability may apply to convictions that are not yet final at the time of the legislation's effective date. The *Medrano* court, considering the applicability of Senate Bill 1437, stated that the *Estrada* rule "requires us to consider [the defendants'] claim on direct appeal, given that Senate Bill 1437 resulted in an ameliorative change to the criminal law applicable to their convictions." (*Medrano, supra*, 42 Cal.App.5th at p. 1018.)

Here, appellant acknowledges that his case is no longer on direct appeal, but states that he asserted these contentions in his direct appeal and we failed to address them in *Mateo II* because we required him to present his petition to the superior court in the first instance. He asserts, "It would be a sad irony that, having followed this Court's recommendation, consideration of appellant's claim should be foreclosed because some appellate courts are now deciding that section 1170.95 petition relief does not apply to attempted murder convictions." He therefore urges this court to "consider appellant's [Senate Bill] 1437 [petition] within a[n] *In re Estrada, supra*, 63 Cal.2d 740 type review."

Appellant fails to acknowledge the Supreme Court's recent opinion in *Gentile, supra,* 10 Cal.5th 830, which was issued before

---

shall not be imputed to a person based solely on his or her participation in a crime.'" (*Gentile, supra,* 10 Cal.5th at p. 839.)

6

briefing on this case was complete.  In *Gentile*, the Supreme Court considered and rejected the application of the *Estrada* rule to Senate Bill 1437, stating, "The ameliorative provisions of Senate Bill 1437 do not apply on direct appeal to nonfinal convictions obtained before the law became effective. Such convictions may be challenged on Senate Bill 1437 grounds only through a petition filed in the sentencing court under section 1170.95." (*Gentile, supra*, 10 Cal.5th at pp. 851-852.)

Because section 1170.95 is the only available avenue for relief for the provisions enacted through Senate Bill 1437, and section 1170.95 does not apply to those convicted of attempted murder, the provisions of Senate Bill 1437 are not available to appellant, who was convicted of attempted murder.  The superior court therefore did not err in summarily denying appellant's petition.

## DISPOSITION

The denial of appellant's petition is affirmed.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.

7